UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY YUSHCHUK, | No. 2:20-cv-2137 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to stay this case in order to return to state court to present new evidence intended to bolster his otherwise exhausted claim for ineffective assistance of counsel. ECF No. 19. Respondent opposes the motion on ground that petitioner has failed to demonstrate that he meets any of the three criteria for granting a stay under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 20.

Where a petitioner seeks to return to court to present new evidence in support of an exhausted claim, he may seek a stay under Rhines. Gonzalez v. Wong, 667 F.3d 965, 980 (9th Cir. 2011). In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

1

1    In support of his request for a stay, petitioner claims that he recently obtained an expert
2 witness who will establish new evidence, through the reconstruction of the scene of the crime, to
3 support his claim of ineffective assistance of counsel. ECF No. 19 at 1. However, as respondent
4 points out, petitioner states that he *will* establish new evidence, not that new evidence has been
5 obtained. Since it appears that the expert witness has yet to reconstruct the scene or author any
6 reports, any exculpatory value is entirely speculative and therefore insufficient to demonstrate the
7 potential merit of the claim. Though petitioner cites Hinton v. Alabama, 571 U.S. 263 (2014), for
8 the proposition that counsel can be ineffective for failing to obtain an adequate expert, the fact
9 that such a claim can be meritorious does not mean that petitioner has demonstrated that his claim
10 has potential merit.

11    Even assuming that petitioner has since obtained expert reports and an accident
12 reconstruction that would support his claim, he fails to show he was diligent in pursuing such
13 evidence and has good cause for failing to have first presented the evidence to the state court.
14 The motion is silent as to these requirements and petitioner's reply makes only a conclusory
15 assertion that he was diligent in light of the limitations placed on him due to his incarceration and
16 limited resources. ECF No. 22. Petitioner's lack of diligence is particularly apparent given that
17 he states in his petition that he provided funds to trial counsel to hire an expert, but that counsel
18 failed to do so. ECF No. 1 at 133. He does not explain why, despite knowing about the need for
19 an accident reconstructionist, he did not attempt to obtain such allegedly crucial evidence until
20 now.

21    For these reasons, petitioner fails to satisfy Rhines and it will be recommended that the
22 motion to stay be denied. Petitioner is advised that, should he wish to pursue his new evidence in
23 state court, he does not require an order from this court to do so and he may proceed in state court
24 without delay.[1]

25    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF
26 No. 19) be DENIED.

---

28 [1] The court takes no opinion as petitioner's likelihood of success in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE